| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known)*: _____   Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

---

**1. Debtor's Name**  
Genesis Care Finance Pty Ltd

**2. All other names debtor used in the last 8 years**  
N/A

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  
N/A

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Building 7, The Mill 41-43 | |
| Number      Street | Number      Street |
| Bourke Road | |
| | P.O. Box |
| Alexandria NSW 2015 Australia | |
| City      State      Zip Code | City      State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| | Number      Street |
| County | |
| | City      State      Zip Code |

**5. Debtor's website** (URL)  
https://www.genesiscare.com

**6. Type of debtor**  
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

---

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   page 1

Debtor   **Genesis Care Finance Pty Ltd**   Case number *(if known)* _____
          Name

| | | |
|---|---|---|
| 7. | Describe debtor's business | A. *Check One:* |
| | | ☒ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☐ None of the above |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . 6211 |

| | | |
|---|---|---|
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☒ Chapter 11. *Check all that apply:* |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☒ No ☐ Yes. District _____ When _____ Case number _____ MM/DD/YYYY District _____ When _____ Case number _____ MM/DD/YYYY |

Debtor   **Genesis Care Finance Pty Ltd**                                        Case number *(if known)* _____
         Name

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No ☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list. | | District | **Southern District of Texas** | When | **06/01/2023** MM / DD / YYYY |
| | | Case number, if known | _____ | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                Number    Street

_____
City            State    Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor   **Genesis Care Finance Pty Ltd**   Case number *(if known)* _____
     Name

| | | | |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **06/01/2023**
                   MM/ DD / YYYY

✗    **/s/ David Young**           **David Young**
    Signature of authorized representative of debtor     Printed name

Title    **Authorized Signatory**

**18. Signature of attorney**

✗    **/s/ Matthew D. Cavenaugh**        Date   **06/01/2023**
    Signature of attorney for debtor                                  MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number          Street

**Houston**                              **Texas**     **77010**
City                                      State     ZIP Code

**(713) 752-4200**                    **mcavenaugh@jw.com**
Contact phone                        Email address

**24062656**                            **Texas**
Bar number                              State

| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: **Southern District of Texas** (State) | |
| Case number *(if known)*: _____ Chapter __11__ | ☐ Check if this is an amended filing |

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Genesis Care Pty Limited.

Adelaide Radiotherapy Centre Pty. Ltd.
Arizona Radiation Therapy Management Services, Inc.
Asheville CC, LLC
Atlantic Urology Clinics, LLC
Aurora Technology Development, LLC
Berlin Radiation Therapy Treatment Center, LLC
Boynton Beach Real Estate, LLC
California Radiation Therapy Management Services, Inc.
Cancer Treatment Services Arizona LLC
Carolina Regional Cancer Center, LLC
Delaware Radiation Therapy Management Services, Inc.
EMROC Pty. Ltd.
Financial Services of Southwest Florida, LLC
Genesis Cancer Care Pty Ltd
Genesis Cancer Care QLD Pty Limited
Genesis Cancer Care UK Limited
Genesis Cancer Care Victoria Pty Ltd
Genesis Cancer Care WA Pty Limited
Genesis Care Finance Pty Ltd
Genesis Care Pty Limited
Genesis Specialist Care Finance UK Limited
Genesis Specialist Care Holding UK Limited
Genesis Specialist Care Pty Ltd
Genesis Specialist Care UK Limited
Genesis Specialist Care UK No 2 Limited
GenesisCare CRO US LLC
GenesisCare of Texas, LLC
GenesisCare Solutions US LLC
GenesisCare US Sponsor, LLC
GenesisCare USA Group Holdings, Inc.
GenesisCare USA Holdings, Inc
GenesisCare USA Management Services, Inc.
GenesisCare USA of Alabama, LLC
GenesisCare USA of Florida, LLC
GenesisCare USA of Kentucky, LLC
GenesisCare USA of Prince Georges County, Maryland, LLC
GenesisCare USA of South Carolina, LLC
GenesisCare USA Services, LLC
GenesisCare USA Southwest Management Holdings, LLC
GenesisCare USA, Inc.
Goldsboro Radiation Therapy Services, LLC
Maryland Radiation Therapy Management Services, LLC
Nevada Radiation Therapy Management Services, Incorporated
New England Radiation Therapy Management Services, Inc.
North Carolina Radiation Therapy Management Services, LLC
Northwest Baltimore Radiation Therapy Regional Center, LLC
Northwest Cancer Care Management Company, LLC
Oncure Holdings, Inc.
Radiation Oncology Associates Pty Limited
Sampson Accelerator, LLC
South County Radiation Therapy, LLC
U.S. Cancer Care, Inc.
West Virginia Radiation Therapy Services, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GENESIS CARE FINANCE PTY LTD, | Case No. 23-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Genesis Care Pty Limited | Building 7, The Mill<br>41-43 Bourke Road,<br>Alexandria, NSW 2015 Australia | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GENESIS CARE FINANCE PTY LTD, | Case No. 23-_____(___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Genesis Care Pty Limited | 100% |

Debtor   Genesis Care Pty Limited     Case number (if known)_____

Fill in this information to identify the case:

Debtor name: Genesis Care Pty Limited
United States Bankruptcy Court for the: Southern District of Texas
Case number (If known):

☐ Check if this is an amended filing

# Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders [1]

2/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Oncology Supply<br>2801 Horace Shepard Drive<br>Dothan, AL 36303<br>United States | Lisa Harrison<br>President<br>(334) 651-2093<br>lisa.harrison@amerisourcebergen.com | Trade Payable | | | | $18,073,300 |
| 2 | Elekta Pty Limited<br>Kungstensgatan 18<br>Box 7593<br>Stockholm, SE- 103 93<br>Sweden | Gustaf Salford<br>President<br>+46 8587 254 00<br>gustaf.salford@elekta.com | Trade Payable | | | | $13,632,703 |
| 3 | Advanced Accelerator Applications<br>8 rue Henri Sainte-Claire Deville<br>CS 10150<br>Rueil-Malmaison Cedex, 92563<br>France | Giancarlo Benelli<br>Head of International Markets<br>+39 344 134 2509<br>giancarlo.benelli@adacap.com | Trade Payable | | | | $9,182,860 |
| 4 | Centrex Revenue Solutions LLC<br>501 South Flagler Drive<br>Suite 600<br>West Palm Beach, FL 33401<br>United States | Gira Shah<br>Chief Financial Officer<br>(410) 442-7789<br>gira.shah@integraconnect.com | Trade Payable | | | | $6,817,197 |
| 5 | Varian Medical Systems, Inc.<br>3100 Hansen Way<br>Palo Alto, CA 94303<br>United States | Chris Toth<br>Chief Executive Officer<br>(315) 453-4545<br>chris.toth@siemens.com | Trade Payable | | | | $6,419,766 |
| 6 | Cardinal Health 414 LLC<br>7000 Cardinal Place<br>Dublin, OH 43017<br>United States | Aaron Alt<br>Chief Financial Officer<br>(612) 761-1375<br>aaron.alt@cardinalhealth.com | Trade Payable | | | | $4,009,308 |
| 7 | Tata Consultancy Services Ltd<br>1240 E Diehl Rd<br>#560<br>Naperville, IL 60563<br>United States | Rajesh Gopinathan<br>Chief Executive Officer<br>(225) 296-8440<br>rajeshgopinathan@tcs.com | Trade Payable | | | | $2,915,367 |
| 8 | Medical Services International<br>164-178 Cromwell Road<br>London, SW5 0TU<br>United Kingdom | Philip Luce<br>Hospital Director (CEO)<br>+44 0 20 7460 5700<br>philipluce@bupacromwellhospital.com | Trade Payable | | | | $2,550,995 |
| 9 | Accuray Inc.<br>1310 Chesapeake Terrace<br>Sunnyvale, CA 94089<br>United States | Suzanne Winter<br>President<br>(747) 235-9024<br>swinter@accuray.com | Trade Payable | | | | $2,442,510 |
| 10 | GE HFS LLC<br>PO Box 641419<br>Pittsburgh, PA 15264-1419<br>United States | Catherine Estrampes<br>President<br>(312) 463-2300<br>catherine.estrampes@ge.com | Trade Payable | | | | $2,175,930 |

Debtor __Genesis Care Pty Limited__ Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | Baxter Healthcare Ltd  One Baxter Parkway  Deerfield, IL 60015-4625  United States | Steve Maciejewski  Vice President  (248) 924-6244  steven_maciejewski@baxter.com | Trade Payable | | | | $1,551,422 |
| 12 | Alcura UK Ltd  2 The Heights  Brooklands  Weybridge, KT13 0NY  United Kingdom | Simon Jones  Head of Alcura  +44 0 800 980 0686  simon.jones@alliance-healthcare.co.uk | Trade Payable | | | | $1,267,625 |
| 13 | Block Imaging Parts & Services LLC  1845 Cedar Street  Holt, MI 48842  United States | Josh Black  President  (517) 721-1682  joshblock@blockimaging.com | Trade Payable | | | | $1,204,494 |
| 14 | Besse Medical Supply  9075 Centre Pointe Dr.  Ste 140  West Chester, OH 45069  United States | Lisa Harrison  President  (334) 651-2093  lisa.harrison@amerisourcebergen.com | Trade Payable | | | | $1,193,175 |
| 15 | Prompcorp Pty Ltd  72-92 Langford Street  Melbourne, VIC 3051  Australia | Matthew Block  Chief Executive Officer  (614) 278-90701  matthewblock@prompcorp.com.au | Trade Payable | | | | $1,133,711 |
| 16 | Sofie Inc.  21000 Atlantic Blvd.  Ste 730  Dulles, VA 20166  United States | Brian Schumer  Chief Operating Officer  (407) 455-6700  brian.schumer@sofie.com | Trade Payable | | | | $1,099,236 |
| 17 | Deangelis Diamond Construction LLC  6635 Willow Park Drive  Naples, FL 34109  United States | Reggie Morgan  Chief Operating Officer  (239) 594-1994  reggiem@deangelisdiamond.com | Trade Payable | | | | $987,914 |
| 18 | Quantum Pharmaceutical Limited  Quantum House  Hobson Industrial Estate  Burnopfield, County Durham, NE16 6EA  United Kingdom | Hugh Collins  Manager  +44 0 1207 279 400  hughcollins@q-pharm.com | Trade Payable | | | | $974,799 |
| 19 | TRACE3 LLC  7505 Irvine Center Drive  Suite 100  Irvine, CA  92618  United States | Rich Fennessy  Chief Executive Officer  (480) 948-6540  rich.fennessy@trace3.com | Trade Payable | | | | $954,897 |
| 20 | Soliant Physician Staffing LLC  5550 Peachtree Parkway  Suite 500  Peachtree Corners, GA 30092  United States | David Alexander  Chief Executive Officer  (770) 888-8180  david.alexander@soliant.com | Trade Payable | | | | $951,837 |
| 21 | Prudential Group Insurance  751 Broad Street  Newark, NJ 07102  United States | Ken Tanji  Chief Financial Officer  (973) 367-2986  ken.tanji@prudential.com | Trade Payable | | | | $921,881 |
| 22 | RSA INC  465 Forum Parkway  Rural Hall, NC  27045  United States | Kenneth Wolff  Chairman  (336) 416-5255  kwolff@rsa-inc.com | Trade Payable | | | | $881,440 |
| 23 | Emcor Facilities Services Inc  9655 Reading Road  Cincinnati, OH  45215  United States | Michael Lacobucci  Chief Financial Officer  (610) 933-0970  michael_iacobucci@emcorgroup.com | Trade Payable | | | | $849,202 |

Debtor   Genesis Care Pty Limited                                                                                       Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | Name on File<br>Address on File | Contact on File | Deferred Compensation | Unliquidated | | | $763,844 |
| 25 | Forest Central Business Park Construction<br>55 Grandview Street<br>Suite 4, Level 1<br>Pymble NSW, 2073<br>Australia | Matt Austin<br>Financial Controller<br>+61 02 9988 3344<br>matt@austequity.com.au | Trade Payable | | | | $755,302 |
| 26 | Name on File<br>Address on File | Contact on File | Deferred Compensation | Unliquidated | | | $747,477 |
| 27 | Converge Technology Solutions US LLC<br>85 rue Victoria<br>2nd Floor<br>Gatineau, QC J8X 2A3<br>Canada | Corey Reid<br>Chief Operating Officer<br>(403) 889-6934<br>cory.reid@convergetp.com | Trade Payable | | | | $728,938 |
| 28 | Progenics Pharmaceuticals Inc<br>331 Treble Cove Road<br>North Billerica, MA 01862<br>United States | Paul Blanchfield<br>President<br>(415) 298-9780<br>paul.blanchfield@lantheus.com | Trade Payable | | | | $715,290 |
| 29 | Name on File<br>Address on File | Contact on File | Deferred Compensation | Unliquidated | | | $700,932 |
| 30 | Name on File<br>Gunster Yoakley & Stewart P.A., C/O J. Travis Godwin<br>401 East Jackson Street, Suite 2500<br>Tampa, FL 33602<br>United States | J. Travis Godwin<br>Attorney<br>(813) 228-9080<br>tgodwin@gunster.com | Litigation | Contingent<br>Unliquidated<br>Disputed | | | Undetermined |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **Genesis Care Finance Pty Ltd** |
| United States Bankruptcy Court for the: | **Southern District of Texas** |
| | (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **06/01/2023** | ☒ /s/ *David Young* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **David Young** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**            Declaration Under Penalty of Perjury for Non-Individual Debtors

### Genesis Care Finance Pty Limited (the Company)
ACN 137 193 125

### Minutes of meeting of directors

Minutes of a meeting of the directors of the company held on 1 June 2023 at 10:30 a.m. AEST via **Zoom**:

| | |
|---|---|
| **Directors participating:** | **Dennis Choi by Zoom** |
| | **Yawen Wu by Zoom** |
| | **Carol Flaton by Zoom** |
| | **Alan Carr by Zoom** |
| | **Jon Howarth by Zoom** |
| **Apologies:** | None |
| **Quorum:** | The chair noted that a quorum of directors was present at the meeting and declared the meeting open. |
| **Chair:** | **Carol Flaton** took the chair. |
| **Director's disclosure:** | **Noted** that: |
| | 1   each director has disclosed their interest, if any, in the subject matter of the proposed resolutions including, but not limited to their directorship, if any, in every other company concerned with or interested in the subject matter of the proposed resolutions; and |
| | 2   in respect of each director present and voting, the *Corporations Act 2001* (Cth) and the Company's constitution has been complied with. |
| **Background** | **Noted** that: |
| | 1   the Company is proposing to |
| | • file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for the Company, and if applicable, local proceedings for the Company, pursuant to applicable law and in accordance with the requirements of the Company's governing documents and applicable law, and |
| | • enter into and perform the DIP Financing Documents as defined below |
| | (1 and 2 together, the "**Restructuring Matters**");and |
| | 2   the directors have reviewed and considered certain materials presented by the management of the Company and the |

|  |  |
|---|---|
|  | Company's financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Company. |
| **Voluntary petition for relief under applicable bankruptcy law and seeking necessary relief** | **Resolved** that:<br><br>1  in the judgment of the directors, it is desirable and in the best interest and to the commercial benefit of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed voluntary petitions for relief (the "**Bankruptcy Petitions**") under the provisions of the Bankruptcy Code for the Company and any of its subsidiaries and any applicable foreign ancillary proceedings for the Company; and in accordance with the requirements in the Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions and the foreign ancillary proceedings, if any; and<br><br>2  any director, secretary, manager, or other duly appointed officer of the Company (collectively, the "**Authorized Persons**") be, and hereby are, authorized and appointed to act as signatory on behalf of the Company in respect of the Restructuring Matters and/or any person to whom such Authorized Persons and/or officers delegate such responsibilities is hereby authorized to execute (under hand or under seal, as appropriate) and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or any of its subsidiaries. |
| **Retention of professionals** | **Resolved** that:<br><br>1  each of the Authorized Persons, be, and hereby are, authorized, empowered, and directed to employ:  (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel; (ii) the law firm of Jackson Walker LLP as co-bankruptcy counsel; (iii) PJT Partners LP as investment banker; (iv) Alvarez & Marsal North America, LLC as restructuring advisor, (v) Kroll Restructuring Administration LLC as notice and claims agent; (vi) Teneo as communications advisor; (vii) the law firm of Herbert Smith Freehills as Australian counsel; and (viii) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Persons deem necessary, appropriate, or advisable to retain (the "**Advisors**"); each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons be, and hereby are, authorized, empowered, and directed, in accordance with |

|  |  |
|---|---|
|  | the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and |
|  | 2  each of the Authorized Persons be, and hereby are, authorized, empowered and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions. |
| **Use of cash collateral, debtor-in-possession financing, and adequate protection** | **Resolved** that: |
|  | 1  to the extent applicable to the Company, in the business judgment of the directors it is desirable and in the best interest and to the further commercial benefit of the Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code ("**Cash Collateral**"), which is security for certain of the Company's prepetition secured lenders (the "**Prepetition Secured Lenders**") under certain credit facilities by and among the Company, the guarantors party thereto, and the lenders party thereto; and (ii) the incurrence of debtor-in-possession financing obligations ("**DIP Financing**") by entering into  that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreementamong the Company, the other Debtors party thereto, Kroll Agency Services Limited, as administrative agent (the "**DIP Administrative Agent**"), Kroll Trustee Services Limited (the "**DIP Collateral Agent**", and together with the DIP Administrative Agent, the "**DIP Agents**") and the other financial institutions and lenders party thereto (the "**DIP Credit Agreement**", and the term loan facilities established under the DIP Credit Agreement, the "**DIP Facility**"); |
|  | 2  in order to use and obtain the benefits of DIP Financing and the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Prepetition Secured Lenders (the "**Adequate Protection Obligations**") as documented in the proposed interim order of the Bankruptcy Court, authorizing and approving on an interim basis, among other things, the DIP Financing and the transactions contemplated by the DIP Term Sheet (the "**Interim DIP Order**") and the final order of the Bankruptcy Court authorizing and approving on a final basis, among other things, the DIP Financing and the transactions contemplated by the DIP Term Sheet in substantially the form of the Interim Order (the "**Final DIP Order**," and together with the Interim DIP Order, the "**DIP Orders**"); |
|  | 3  in order to use and obtain the benefits of the DIP Financing and Cash Collateral, the Company will also enter into such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents required to consummate the transaction contemplated by the DIP Orders to which the Company is or will be a party, including, but not limited to, (1) |

<table>
<tr><td></td><td>that certain Senior Secured Superpriority Debtor-in-Possession Security Agreement, to be dated as of the same date as the DIP Credit Agreement, among the Debtors and the DIP Collateral Agent (the "**US Security Agreement**"), (2) the guarantee of the DIP Obligations (as defined below) pursuant to the DIP Credit Agreement (the "**Guaranty**") and (3) any other security and pledge agreement, intercreditor agreement, or guaranty agreement (collectively with the DIP Term Sheet, the "**DIP Financing Documents**");</td></tr>
<tr><td>4</td><td>the Company will obtain benefits from the incurrence of the borrowings under the DIP Facility and the other obligations under the DIP Facility and the other DIP Financing Documents which are necessary and convenient to the conduct, promotion, and attainment of the business of the Company;</td></tr>
<tr><td>5</td><td>to the extent applicable, the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to enter into the DIP Financing Documents and incur and perform the obligations thereunder (the "**DIP Obligations**"), including the borrowing of the loans under the DIP Facility, the Guaranty, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Financing Documents, including granting liens on and security interests in its assets, including the Cash Collateral and Prepetition Collateral (each as defined in the DIP Financing Documents), to the DIP Agent, and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Financing Documents in the name and on behalf of the Company, with such changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;</td></tr>
<tr><td>6</td><td>each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Company, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, security agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of the Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;</td></tr>
<tr><td>7</td><td>each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Company, to enter into any guarantees as described or contemplated by the DIP Financing Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Financing Documents and perform its obligations thereunder and to guarantee the payment and</td></tr>
</table>

performance of the DIP Obligations of the Company and any other guarantor thereunder;

8. each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company to incur the DIP Obligations and to approve the use of the Cash Collateral pursuant to the DIP Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Financing Documents and the use of Cash Collateral in connection with the chapter 11 case, which agreements may require the Company to grant adequate protection and liens to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

9. each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, the Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Financing Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which the Company is or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Financing Documents, collectively, the "**Financing Documents**") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

10. the Company, as a debtor and debtor-in-possession under the Bankruptcy Code shall be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations;

11. each of the Authorized Persons, be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof;

12. each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on

behalf of, the Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Orders;

13  each of the Authorized Persons of the Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to: (a) prepare any amendments, waivers, consents, supplements, or other modifications under or to the DIP Financing Documents to which the Company is a party, including that certain consent request letter dated May 19, 2023, from Genesis Care Finance Pty Ltd to Kroll Agency Services Limited and Kroll Trustee Services Limited (the "**Consent Request Letter**") and such Proposed Amendments as defined therein, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents, the execution and delivery thereof by such Authorized Person to be deemed conclusive evidence of the approval and ratification thereof by such Authorized Person or that such Authorized Person deemed such standard to be met;

14  each Authorized Person of the Company, any one of whom may take action without the joinder of any of the others, is hereby authorized, in the name and on behalf of the Company, respectively, to (a) prepare any amendments, waivers, consents, supplements, or other modifications under the DIP Financing Documents and/or all other agreements, instruments, documents, notices and certificates constituting exhibits to or that may be required, necessary, appropriate, desirable or advisable to be executed and delivered pursuant to the DIP Financing Documents or otherwise permitted thereunder or related thereto (each an "**Additional DIP Facility Document**") to which the Company is a party as may be necessary, convenient, advisable, desirable or appropriate at any time from time to time, which amendments, waivers, consents or supplements may provide for modifications or relief under such agreements or documents and may require consent payments, fees or other amounts payable in connection therewith, and (b) execute and deliver such amendments, waivers, consents, supplements, or other modifications under such agreements or documents as such Authorized Person shall deem to be necessary, convenient, advisable, desirable or appropriate, such execution and delivery by such Authorized Person to be

|  |  |  |
|---|---|---|
|  |  | conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof; and |
|  | 15 | the signature of any Authorized Person of the Company to each DIP Financing Document, and each Additional DIP Financing Document and any amendments, waivers, consents, supplements, or other modifications to which the Company is a party shall be conclusive evidence of the authority of such Authorized Person to execute and deliver such documents and (b) any person dealing with any Authorized Person of the Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the Company enforceable in accordance with its terms. |
| **Further actions and prior actions** |  | **Resolved** that: |
|  | 1 | any direct or indirect subsidiary of the Company or any entity of which the Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, is authorized to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or the Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law); |
|  | 2 | in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under seal. as appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Restructuring Matters; |
|  | 3 | each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any all such other and further action, and to execute (under hand or under seal, as appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein; |
|  | 4 | the directors have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice; |
|  | 5 | all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been |

approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the directors, as applicable;

6   each Authorized Person be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under hand or common seal, whether or not expressed to be a deed, as may be necessary or appropriate) and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof; and

7   each of the Advisors be, and each of them hereby is, authorized to perform all acts in furtherance of the resolution approved herein.

| | |
|---|---|
| **Approval of parent company** | The directors acknowledge that the resolutions above shall be subject to and conditional upon approval of the chapter 11 case and related resolutions by the board of directors of Genesis Care Pty Ltd |
| **Power of Attorney** | **Noted** that (without limiting any authority granted in the resolutions above) a form of power of attorney (the **POA**) has been provided to the directors authorising the identified attorney(s) (each an **Attorney**) to execute (and where required) deliver documentation in relation to the matters the subject of the resolutions above. |
| | **Resolved** that any two directors, or a director and company secretary, may execute and deliver the power of attorney under section 127(1) of the *Corporations Act 2001* (Cth) as an act of the Company. |
| **Incidental Matters:** | **Resolved** that the Company and severally each director and secretary for and on behalf of the Company are authorised to do anything (including, but not limited to, certification, execution and delivery of documents or notifications to the Australian Securities and Investment Commission) required to be done, capable of being done or advisable to do, under, in accordance with or incidental to any of the above resolutions. |
| | **Resolved** that any secretary or director of the Company is instructed to give any necessary notifications of the actions to be undertaken in connection with the above resolutions to the |

Australian Securities and Investments Commission (or any other applicable government agency) within the required timeframes.

There being no further business, the meeting was declared closed.

**Signed** as a correct record.

sign here ▶ *[signature]*

Carol Flaton
Chair

date ▶ May 31, 2023

time ▶